| | |
|---|---|
| ALI A. MUHAMMAD ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:06-0352 |
| ] | Judge Echols/Bryant |
| RICKY BELL, WARDEN ] | |
|     Respondent. ] | |

To: Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By an order (Docket Entry No. 11) entered August 23, 2006, the Court referred this action to the Magistrate Judge " for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 7, L.R.M.P."

Presently before the Court is the respondent's Answer (Docket Entry No. 8) to the petition for writ of habeas corpus (Docket Entry No. 1). The undersigned has reviewed the petition, the Answer and the record in this case and respectfully recommends, for the reasons stated below, that the petition lacks merit and that this action should be dismissed.[1]

## I. BACKGROUND

The petitioner, proceeding *pro se*, is a resident of Nashville. He brings this action

---

[1] The case was originally assigned to Magistrate Judge Joe Brown. However, pursuant to Administrative Order No. 138-4, it was transferred on August 30, 2006 to the docket of the undersigned. *See* Docket Entry No. 15.

1

pursuant to 28 U.S.C. § 2254 against Ricky Bell, Warden of the Riverbend Maximum Security Institution, seeking a writ of habeas corpus.[2]

In May, 2002, the petitioner was indicted on charges of conspiracy to sell more than 300 grams of cocaine in violation of the Drug-Free School Zone Act and possession with the intent to sell more than 300 grams of cocaine. Pursuant to a plea agreement, the petitioner pled guilty to the possession charge in exchange for the dismissal of the conspiracy charge. For his crime, he received a sentence of fifteen years in prison. Docket Entry No. 1 at pg. 50.

Having pled guilty, there was no direct appeal of the conviction taken. However, the petitioner did file a *pro se* petition for state post-conviction relief. Following the appointment of counsel and an evidentiary hearing, the state trial court denied the post-conviction petition. Docket Entry No. 1 at pgs. 57-67. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 13; Addendum No. 2; Doc. No. 3. The Tennessee Supreme Court later denied the petitioner's application for further review. Docket Entry No. 13; Addendum No. 2; Doc. No. 5.

## II. PROCEDURAL HISTORY

On April 10, 2006, the petitioner initiated this action with the filing of a petition for writ of habeas corpus (Docket Entry No. 1). In the petition, he alleges that his guilty plea was neither voluntarily nor knowingly given due to the ineffectiveness of his attorney. More specifically, the

---

[2] At the time the petition was being prepared, the petitioner was confined at the Riverbend Maximum Security Institution where Warden Ricky Bell was his custodian. Shortly after its filing, though, he was transferred to federal custody and was held at the Federal Detention Center in Oakdale, Louisiana. The petitioner has since notified the Clerk's Office that he has been released from federal custody and now resides in Nashville. Because the petitioner was "in custody" at the time his petition was filed, this Court retains jurisdiction over the petition. Sanders v. Freeman, 221 F.3d 846, 851 (6th Cir. 2000).

2

petitioner claims that :

1) counsel was ineffective because the evidence was insufficient to support a recommendation that he accept the plea bargain;

2) counsel was ineffective because he failed "to seek alternative sentencing or community corrections on behalf of the petitioner";

3) counsel misinformed the petitioner about the amount of prison time he would be facing if he proceeded to trial;

4) counsel should have sought a dismissal of the possession charge because of a lack of sufficient evidence;

5) counsel was ineffective for failing to educate the petitioner of the law as it relates to accomplice testimony;

6) counsel was not effective because he failed to discover and/or inform the petitioner of exculpatory impeachment evidence, i.e., the investigative reports of Officer Donegan;

7) counsel was ineffective for advising the petitioner that a jury would convict him because of his Middle Eastern heritage (Iraqi Kurd); and

8) counsel should have obtained for the petitioner the assistance of an interpreter.[3]

Docket Entry No. 1 at pgs. 16-29.

Upon preliminary review of the petition, it was determined that the petitioner's claims were not facially frivolous. Accordingly, an order (Docket Entry No. 4) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - §

---

[3] During these proceedings, the petitioner retained Mario Ramos, a member of the Davidson County Bar, to represent him.

3

2254 Cases.

Presently pending before the Court is respondent's Answer (Docket Entry No. 8) to the petition. Having reviewed the petition, the respondent's Answer and the record, it does not appear that an evidentiary hearing is needed in this matter. *see* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

### III. ANALYSIS OF THE CLAIMS

**A) Procedurally Defaulted Claims**

A petition for writ of habeas corpus will not be considered unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine that promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671, 1674-1675, 95 L.Ed.2d 119 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, each of the petitioner's claims must have been fairly presented to the state courts. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Once the petitioner's federal claims have been presented to the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider them.[4] Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990).

---

[4] Pursuant to Rule 39, Rules of the Tennessee Supreme Court, the highest state court available to the petitioner for the exhaustion of his claims is the Tennessee Court of Criminal Appeals. Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

4

According to the record, only two of the petitioner's claims were offered to the Tennessee Court of Criminal Appeals for review. These claims include counsel's advice to the petitioner that he would not receive a fair trial (Claim No. 7) and counsel's failure to provide the petitioner with an interpreter (Claim No. 8). The petitioner's remaining claims (Claim Nos. 1-6) were never raised in the highest state court available. *See* Docket Entry No. 13; Addendum No. 2; Doc. No. 1 at pgs. 7-10.

To properly satisfy the exhaustion requirement, a claim must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir. 1996). In the case of petitioner's Claim Nos. 1-6, he has failed to do so. At this late date, however, it appears that state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-202(a) (one year limitation period on the filing of a post-conviction petition). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims because state court remedies are no longer available for them. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

To prevent a habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional claims forfeits the right to have those claims reviewed in a habeas corpus proceeding, absent a showing of cause for non-compliance *and* some showing of prejudice arising from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977); Engle v.

5

Isaac, 456 U.S. 107, 129, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982).

The existence of cause to mitigate a procedural default requires a showing that some objective factor external to the defense impeded compliance with state procedural rules. Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2644-46, 91 L.Ed.2d 397 (1986). In order to establish prejudice, the petitioner must demonstrate actual prejudice and not merely the possibility of prejudice. Maupin v. Smith, 785 F.2d 135, 139 (6th Cir. 1986). Here, the petitioner has offered neither cause for his failure to raise these claims in the state courts nor a showing of prejudice arising from the alleged constitutional violations. Consequently, the petitioner has forfeited his right to federal review of these claims due to his unexcused procedural default.

**B) Fully Exhausted Claims**

On post-conviction, the petitioner fully exhausted his ineffective assistance of counsel claims involving the possibility of a biased jury (Claim No. 7) and the failure to provide him with an interpreter (Claim No. 8). Docket Entry No. 13; Addendum No. 2; Doc. No. 3. When a federal habeas corpus claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. In order to obtain the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle

6

involved but unreasonably applied that principle to the facts of the case. <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after the closest examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. <u>Id</u>., at 120 S.Ct. 1511.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". <u>Id</u>., at 104 S.Ct. 2052. Prejudice is established by showing that counsel's error was so egregious as to render the result of the trial unreliable or the proceeding fundamentally unfair. <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993). In the context of a guilty plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). When considering an ineffective assistance claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. <u>Mallett v. United States</u>, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner alleges that counsel was ineffective for advising him that a jury might convict the petitioner merely because of his Middle Eastern heritage. By doing so, the petitioner felt that he was being coerced by counsel into a guilty plea.

7

involved but unreasonably applied that principle to the facts of the case. <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after the closest examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. <u>Id</u>., at 120 S.Ct. 1511.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". <u>Id</u>., at 104 S.Ct. 2052. Prejudice is established by showing that counsel's error was so egregious as to render the result of the trial unreliable or the proceeding fundamentally unfair. <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993). In the context of a guilty plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). When considering an ineffective assistance claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. <u>Mallett v. United States</u>, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner alleges that counsel was ineffective for advising him that a jury might convict the petitioner merely because of his Middle Eastern heritage. By doing so, the petitioner felt that he was being coerced by counsel into a guilty plea.

At the post-conviction evidentiary hearing, counsel testified that he discussed with the petitioner the impact that the September 11th terrorist attacks could have on the jury.[5] Docket Entry No. 1 at pg. 66. In response to this testimony, the Tennessee Court of Criminal Appeals noted :

> The petitioner has also failed to establish that his trial counsel coerced him into accepting a guilty plea. It is the professional responsibility of defense counsel to not only communicate with his client, investigate the circumstances, and prepare an appropriate defense, but also to advise as to any surrounding circumstances which might have an effect upon the trial. In our view, the more information that counsel was able to provide the petitioner before his acceptance of any plea agreement, the better. When the accused is fully aware of the potential result of the trial, he is more likely to make an informed, voluntary plea of guilt.

Docket Entry No. 13; Addendum No. 2; Doc. No. 3 at pg. 38.

Thus, the state courts found that counsel was not acting deficiently when he discussed the possibility of a biased jury should the petitioner decide to proceed to trial. Such advice was not coercive simply because counsel identified for the petitioner a potentially negative factor that could affect the outcome of the trial. This type of advice was a valid consideration in the petitioner's decision as to whether he should proceed to trial. Therefore, counsel was not ineffective in this regard.

The petitioner was not born in this country and his English is essentially self taught. He claims that he did not understand the guilty plea because his attorney neglected to obtain the

---

[5] The petitioner was facing trial little more than a year after the terrorist attacks of September 11, 2001.

8

services of an interpreter.

Prior to the evidentiary hearing, an interpreter (Kalil Sofi) met with the petitioner and his post-conviction counsel. The interpreter later reported to the court that "he was unsure if his interpretive services would be necessary and stated that Petitioner 'speaks very good English', only needing assistance for reading and writing." Docket Entry No. 1 at pg. 59. The trial court reviewed a transcript of the guilty plea proceeding and found that the petitioner seemed to be fully aware of what was happening to him. In addition, counsel testified that he never had any trouble communicating with the petitioner in English. Docket Entry No. 1 at pg. 62. From this testimony, the state courts properly found that counsel had not been deficient for failing to obtain the services of an interpreter.

The state courts applied the holding of Strickland, supra, to petitioner's ineffective assistance claims and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. The record supports these findings. The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's remaining claims was neither contrary to nor an unreasonable application of federal law. Consequently, petitioner's fully exhausted claims have no merit.

## R E C O M M E N D A T I O N

For the reasons discussed above, the undersigned respectfully RECOMMENDS that the

instant petition for writ of habeas corpus lacks merit and should be DISMISSED. Rule 8(b), Rules - - - § 2254 Cases.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                Respectfully submitted,

                s/ John S. Bryant

                John S. Bryant
                United States Magistrate Judge